# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH A. COX,

        Petitioner,    :    Case No. 3:22-cv-033

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

WARDEN,
  Madison Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Judicial Notice (ECF No. 6). As Petitioner points out, Fed. R. Evid. 201(b) provides:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> **(1)** is generally known within the trial court's territorial jurisdiction; or
>
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Petitioner avers that "The State contended that Petitioner filed an affidavit of indigence in order to avoid paying any fines or filing fees associated with the case" and "[t]he State contended that Petitioner filed an affidavit of indigence in order to avoid paying any fines or filing fees associated with the case." (Motion, ECF No. 6, PageID 101). Petitioner does not describe where

1

the State made these contentions. If they were made in some document that has already been filed in this Court, Petitioner should have given the Court an appropriate reference to their place in the record. As provided in the Order for Answer, "When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number." (ECF No. 4, PageID 96). The Court appreciates that, in filing the instant Motion, Petitioner could not yet comply with this requirement because the State Court Record has not yet been filed and is not due to be filed until May 1, 2022.

The Court assumes that the documents in question will be part of the State Court Record filed by Respondent and there will then be no need for judicial notice of their existence. If the State Court Record as filed does not include them, Petitioner may then file a motion to expand the record. While at this juncture it might be appropriate to take judicial notice of these documents as filed, the more appropriate way is to see if the Warden includes them.

It is not appropriate to take judicial notice of the truth of the contents of these documents because that would amount to admitting hearsay.

The Motion to Take Judicial Notice is DENIED without prejudice to an eventual motion to expand the record.

April 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge