IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICAH A. COX,

           Petitioner,      :      Case No. 3:22-cv-033

  - vs -                              District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Madison Correctional Institution,

                                         :
           Respondent.

## ORDER WITHDRAWING ORDER FOR ANSWER AND TRANSFERRING THIS CASE TO THE COURT OF APPEALS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Transfer the case to the Sixth Circuit Court of Appeals for a determination of whether Petitioner may proceed (ECF No. 12). As the Motion points out, Petitioner filed a previous habeas corpus petition attacking the same state court conviction, to wit, the conviction in Greene County Common Pleas Case No. 2010 CR 365. In Case No. 3:10-cv-200, this Court litigated that prior petition and ultimately dismissed it with prejudice, the dismissal being affirmed by the Sixth Circuit. In the instant Petition, Cox candidly reveals the existence of the prior case (Petition, ECF No. 3, PageID 64). However, the Magistrate Judge did not advert to that part of the Petition before issuing the Order for Answer.

Comparing the Petitions in the two cases, it is very clear that the instant case is second or

successive within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Therefore this Court has no jurisdiction of the instant case unless and until the Sixth Circuit grants Petitioner leave to proceed.  A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).  Because this Court lacked jurisdiction to make an initial ruling under Rule 4, it was error to issue the Order for Answer (ECF No. 4) as well as the Order Denying Petitioner's Motion for Judicial Notice (ECF No. 7).

Having determined that the Petition is second or successive, this Court's authority is limited to transferring the case to the Court of Appeals.  *In re Sims*, 111 F.3d 45 (6th Cir. 1997). Having made that determination, the Court orders this case be transferred to the Sixth Circuit Court of Appeals for that Court's determination of whether Petitioner may proceed.  The Court takes this action *sua sponte* and orders that Respondent's Motion to Transfer (ECF No. 12) be denied as moot.

August 25, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
