# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH A. COX,

    Petitioner,    :  Case No. 3:22-cv-033

 - vs -          District Judge Walter H. Rice
               Magistrate Judge Michael R. Merz

WARDEN,
 Madison Correctional Institution,

              :
    Respondent.

## DECISION AND ORDER GRANTING MOTION TO EXPAND THE RECORD AND DENYING MOTION FOR EVIDENTIARY HEARING

This habeas corpus case, brought *pro se* by Petitioner Micah Cox under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Expand the Record (ECF No. 24) and for an evidentiary hearing (ECF No. 25).

In the motion to expand the record, Cox seeks to add to the record on which this Court will decide this case "the Sentencing Memorandum in this case filed in the Greene [County] Court of Common Pleas on 1/06/20 [and] the Mandamus filed in this matter."  (ECF No. 24, PageID 467). The State Court Record as filed by Respondent reflects that Cox filed a sentencing memorandum on January 6, 2020 (ECF No. 19, PageID 398).  Thus the sentencing memorandum in question was before the state courts when they decided this case and including it in the record this Court considers will not violate the rule in *Cullen v. Pinholster*, 563 U.S. 170 (2011), limiting our consideration to the record that we before the state courts.  Petitioner has not argued the relevance

of this document to the case, but he will have an opportunity to do so in his Reply. Thus the Court will be able to decide its relevance with the document in hand. A purported copy of the sentencing memorandum is attached to ECF No. 25 at PageID 475-81. Unless Respondent provides persuasive objections to the authenticity of the sentencing memorandum as shown in those pages, the sentencing memorandum will be deemed part of the State Court Record for decision of the case.

Petitioner also seeks to expand the record with 'the mandamus filed in this matter." He has attached to the Motion for Evidentiary Hearing a copy of the Petition in Mandamus filed in the Second District Court of Appeals December 30, 2019, in *Cox, Relator, v. The Honorable Stephen Wolaver, Judge*, Case No. 2019 CA 0079 (ECF No. 25, PageID 482-84). The Petition is related to this action, although it is obviously not the complete record of what happened in the Second District. Unless Respondent provides persuasive objections to the authenticity of the Petition as shown in those pages, the Petition will be deemed part of the State Court Record for decision of the case.

The Motion to Expand includes a section on the right to discovery in habeas, but does not actually seek any discovery.

Petitioner's Motion for Evidentiary Hearing sets forth the standard for granting a hearing as that standard stood before *Pinholster, supra*. Apart from *Pinholster*, Cox claims he has shown sufficient diligence in seeking an evidentiary hearing in the state courts by seeking a remand from the Second District "for an evidentiary hearing and a Petition for Post-conviction relief hearing." (ECF No. 25, PageID 472). He provides no record references for these assertions.

Petitioner has not shown what facts are in dispute or what witnesses he would present on those factual issues. The Court is precluded by *Pinholster* from considering evidence outside the State Court Record and Petitioner has not demonstrated this case comes within any accepted exception to the

2

*Pinholster* doctrine. Cox's Motion for Evidentiary Hearing is DENIED without prejudice to its renewal if these deficiencies are suitably cured.

June 22, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge