# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH A. COX,

               Petitioner,           :     Case No. 3:22-cv-033

    - vs -                          District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

WARDEN,
  Madison Correctional Institution,

                                 :

           Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Micah Cox under 28 U.S.C. § 2254, is before the Court decision on the merits. Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 19), the Return of Writ (ECF No. 20), and Petitioner's Traverse (ECF No. 29).

**Litigation History**

Cox was convicted by a Greene County jury of various drug-related offenses and sentenced to sixteen years imprisonment. On direct appeal, the Ohio Court of Appeals for the Second District affirmed. *State v. Cox*, 2012-Ohio-2100 (Ohio App. 2d Dist. May 11, 2012). Cox failed to timely appeal and the Supreme Court of Ohio denied leave to file a delayed appeal. *State v. Cox*, 133 Ohio St.3d 1410 (2012). Cox then filed a Petition for Writ of Habeas Corpus in this Court under

1

Case No. 3-13-cv-200. That case was dismissed with prejudice and the Sixth Circuit denied a certificate of appealability. *Cox v. Warden*, 6th Cir. Case No. 14-3393 (6th Cir. Dec. 9, 2014)(unreported; copy at ECF No. 35 in 3:13-cv-200).

On June 7, 2019, Cox filed a "motion for final appealable order", arguing that the March 7, 2011, judgment entry was void and was not a final appealable order because the judgment entry did not impose a fine. (State Court Record, ECF No. 19, Exhibit 1). The trial court ruled that the judgment entry was a final appealable order, but that it did not include a mandatory fine. At a resentencing hearing held for the purpose of imposing that fine, the trial court waived the fine.

Proceeding *pro se* on appeal, Cox raised the following assignments of error:

(1) Appellant was denied his sixth amendment right to the effective assistance of counsel at resentencing

(2) Appellant was denied his constitutional right to be present at resentencing

(3) Trial court erred when it waived the imposition of the mandatory fine pursuant to an insufficient affidavit of indigency

(4) Appellant was denied his right of allocution pursuant to Crim.R. 32(a)(1)

(5) Trial court erred when it failed to include appellant's entire sentence in one judgment entry.

(Appellant Brief, State Court Record, ECF No. 19, Exhibit 17). The Second District affirmed. *State v. Cox,* 2020-Ohio-5030 (Ohio App. 2d Dist. Oct. 23, 2020). The Supreme Court of Ohio declined further appellate jurisdiction. *State v. Cox*, 161 Ohio St.3d 1422, Ohio (2021).

Cox filed the instant habeas corpus case on February 3, 2022, pleading the following grounds for relief:

**Ground One:** Petitioner was denied his Sixth Amendment right to the effective assistance of counsel.

2

**Supporting Facts**: Counsel failed to object to Petitioner's right to be present at resentencing was violated. Counsel demonstrated divided loyalties failed to confer with Petitioner prior to resentencing.

**Ground Two:** Petitioner was denied his Sixth Amendment right to be physically present for resentencing.

**Supporting Facts**: Petitioner was resentenced in absentia due to his refusal to waive his right to be present.

**Ground Three:** Petitioner was denied due process and equal protection under the law when an appellate court commits a mistake of law.

**Supporting Facts:** Court erroneously determined R.C. 2929.18(B)(1) does not apply to Petitioners case despite explicit language to the contrary.

**Ground Four:** Petitioner was denied due process when he was denied his right of allocution by resentencing him in his absence.

**Supporting Facts:** By denying Petitioner his right to be physically present he has effectively denied him his right to allocution.

(Petition, ECF No. 3, PageID #: 5-10, 16).

On motion of Respondent, the Court transferred this case to the Sixth Circuit as a second or successive habeas corpus petition (ECF No. 13). The Sixth Circuit, however, determined the petition was not second or successive "because the factual predicate for his proposed claims did not arise until several years after his initial petition was fully adjudicated. *See In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)." *In re Cox*, 6th Cir. Case No. 22-3729 (Jan. 24, 2023)(unreported; copy at ECF No. 14).

The case became ripe for decision on remand when Petitioner filed his Traverse (ECF No. 29).

# Analysis

**Ground One:  Ineffective Assistance of Counsel**

In his First Ground for Relief, Cox claims he was denied effective assistance of trial counsel when his attorney failed to object to his absence from the resentencing hearing and otherwise demonstrated "divided loyalties."

Respondent asserts the first part of this Ground for Relief – failure to object to Cox's absence from re-sentencing – is procedurally defaulted by Cox's failure to raise that issue on direct appeal as a constitutional claim.  Cox flatly contradicts that assertion:  "In the case at bar, Petitioner has presented each and every claim in this petition, as 'a federal constitutional claim in substance' or 'under the same legal theory.'"

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal

habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

There are occasions when a state court defendant will have made claims in the state courts which, while not explicitly invoking the United States Constitution, in fact fairly place before the state courts the substance, both facts and legal theory, of a claim or claims later made in habeas corpus.

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like

> factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *accord*, *Whiting v. Birt*, 395 F.3d 602 (6th Cir. 2005); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

Cox's first assignment of error on direct appeal was "Appellant was denied his sixth amendment right to the effective assistance of counsel at resentencing." On its face, that language does not call the appellate court's attention to any particular deficiency in counsel's performance. Examining Cox's Brief on appeal, the Magistrate Judge finds no mention of a claim that it was ineffective assistance of trial counsel to fail to object to Cox's physical absence. Rather, the

gravamen of Cox's claim is that appointed attorney Adrian King undermined Cox's strategy by moving to waive the mandatory fine (See Appellant Brief, State Court Record, ECF No. 19, PageID 251, *et seq*.).

In deciding the appeal, the Second District does not advert at all to any claim of deficiency of performance by failure to object to Cox's absence. *State v. Cox*, 2020-Ohio-5030, ¶¶ 7-9 (2d Dist. Oct. 23, 2020).

The Magistrate Judge concludes Cox has procedurally defaulted the first part of his First Ground for Relief by failing to fairly present it to the Ohio courts. Cox offers no excusing cause.

Respondent apparently concedes that the second part of Cox's First Ground for Relief – counsel had "divided loyalties" – is preserved for merits review. As Cox argued that claim in his appellate brief, it is that he had a strategic reason for wanting the fine imposed, to wit, it would constitute an increase in the sentence actually imposed, entitling him to a "*de novo* resentencing hearing on the additional portion of the sentence." (Brief, State Court Record, ECF No. 19, PageID 251, citing *State ex rel Roberts v. Marsh,* 156 Ohio St.3d 440 (2019). A second strategic reason was that such a "correction" in his sentence would allow him to file another federal habeas petition without its being considered successive. *Id.*, citing *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

The Magistrate Judge disagrees with Cox's reading of Ohio law on resentencing. *Marsh*, which he cites, refers to Ohio Supreme Court precedent holding that if the new judgment entry contains a punishment in addition to what was in the original judgment, the trial court must hold a hearing on the additional punishment, but only on the additional punishment. *State v. Fischer*, 128 Ohio St.3d 92 ¶ 2 of the syllabus (2010); *State v. Harris*, 132 Ohio St.3d 318, ¶ 1 of the syllabus (2012); *State v. Moore*, 135 Ohio St.3d 151 (2012). But in 2020 the Ohio Supreme Court decided

7

*State v. Henderson*, 161 Ohio St.3d 285 (2020), and held that a judgment imposed by a court with jurisdiction that omitted a mandatory term was voidable, not void, meaning it could be attacked only on direct appeal and not collaterally. In doing so the Court built on its prior decision of the same year, *State v. Harper*, 160 Ohio St.3d 480 (2020), which returned the Court to its traditional understanding of the difference between void and voidable judgments.

Thus the current state of Ohio law on resentencing renders Cox's strategy untenable. His initial filing that began the execution of the strategy was a Motion for a Final Appealable Order in which he claimed that his original judgment was void under *Moore* (Motion, State Court Record, ECF No. 19, PageID 175). Under *Henderson* the judgment would have been voidable, but that claim would have had to be raised on direct appeal, not by motion many years after the direct appeal proceedings were final. In deciding Cox's appeal, the Second District did not advert to *Henderson*, which had been decided only weeks earlier, but noted that *Harper* made Cox's arguments moot:

> In *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus, the Ohio Supreme Court had held that failure to impose a mandatory fine rendered that part of the judgment void, as Cox here contends, and therefore the judgment would be subject to subsequent attack despite not having been raised on direct appeal. *Moore* was recently called into question in *State v. Harper*, Ohio Slip Opinion No. 2020-Ohio-2913, ––– N.E.3d ––––, in which the Supreme Court of Ohio "realigned" its void/voidable jurisprudence, specifically relating to post-release control, "with the traditional understanding of void and voidable sentences." *Id.* at ¶ 43. In our opinion, the *Harper* jurisprudence realignment applies to the failure to impose a mandatory fine, and that part of Cox's judgment was not void. Because he did not raise the mandatory fine error in his direct appeal, he cannot raise it now. That would render moot all his arguments about appointment of counsel, ineffectiveness, a video hearing, and the form of the court's judgment, as discussed below, because if that part of his judgment was not void, he was not entitled to have the mandatory fine issue revisited. Because *Harper* was not raised in the briefs, we alternatively have decided this matter on the issues raised in briefing.

8

*State v. Cox*, 2020-Ohio-5030, n. 1.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

Assuming for the sake of argument that trial counsel performed deficiently in not attempting to execute Cox's strategy, he has failed to show prejudice because under Ohio law he was not entitled to collaterally attack his sentence for failure to include the mandatory fine. The second portion of Cox's Ground One should be dismissed with prejudice.

**Ground Two: Denial of Sixth Amendment Right to be Physically Present at Resentencing**

In his Second Ground for Relief, Cox claims he was denied his Sixth Amendment right to be physically present at the resentencing hearing. Cox raised the failure to bring him to court as his second assignment of error on appeal and the Second District decided it as follows:

9

{¶ 10} In his second assignment of error, Cox contends he was denied his right to be physically present for resentencing. Cox argues that if he had been present in court, he would have fired his attorney and would have argued that the trial court was required to impose a fine.

{¶ 11} We agree that Cox had a right to be physically present for resentencing. Crim.R. 43(A)(1). We note that a trial court may allow a defendant to participate by video provided a waiver has been obtained and other conditions are met. A defendant must make such a waiver in writing or otherwise on the record. Crim.R. 43(A)(3). Here neither Cox nor his attorney affirmatively waived his right to be physically present for resentencing. As set forth above, the record reflects only that Cox refused to participate in the video proceeding. Defense counsel proceeded to act on Cox's behalf without raising the issue of his absence from the courtroom. The trial court then made a finding of indigence based on Cox's prior affidavit and waived the fine, as R.C. 2929.18(B)(1) obligated it to do.

{¶ 12} Under these circumstances, we conclude that the trial court erred in proceeding without an affirmative waiver of Cox's right to be physically present. We note, however, that a defendant's absence in violation of Crim.R. 43(A) is subject to harmless-error analysis. *State v. Brown*, 2d Dist. Montgomery No. 26320, 2015-Ohio-3912, ¶ 10 (observing that "a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper").

{¶ 13} On the record before us, we find harmless error in Cox's lack of physical presence for resentencing, and we see no non-frivolous argument to the contrary. The only issue before the trial court concerned the imposition of a fine. Based on Cox's own affidavit, the trial court found him indigent and waived the fine, as it was required by statute to do (and as it had done at the time of his original 2011 sentencing). We see no evidence to suggest that the outcome would have been different if Cox had been physically present. Although Cox claims he would have dismissed counsel and made various arguments to the trial court, these actions would not have affected the trial court's obligation to waive the fine upon a finding of indigence and, in any event, Cox could have presented his arguments through the video proceeding if he had not refused to participate. His alleged predicament stemmed from his failure to participate at all, not his lack of physical presence. For these reasons, his second assignment of error does not have arguable merit.

*State v. Cox*, 2020-Ohio-5030 (2d Dist. 2020).

Respondent asserts Ground Two is procedurally defaulted by Cox's failure to fairly present it to the Second District as a federal constitutional claim (Return, ECF No. 20, PageID 439-40.) Cox claims he did fairly present this claim to the Supreme Court of Ohio (Traverse, ECF No. 29, PageID 498-99.)  Respondent concedes there was a "brief nod" to federal constitutional law in Cox's Memorandum in Support of Jurisdiction (Return, ECF No. 20, PageID 440) and Cox argues in the Traverse that a brief nod is enough (ECF No. 29, PageID 498-99)[1].

The flaw in this argument is that Cox made no nod at all to the United States Constitution on this claim in his appeal to the Second District.  An omission at that stage cannot be cured by raising the issue for the first time in the Ohio Supreme Court which will not decide issues that have not first been presented to the Court of Appeals.  Because Cox did not present this claim as a constitutional issue to the Second District, it is procedurally defaulted.

Even if the claim had been properly presented and Cox had been found to have a constitutional right (as opposed to a violation of Ohio Crim. R. 43), it would still be subject to harmless error analysis.  Considering the merits of this claim, the Second District held:

> ¶ 13} On the record before us, we find harmless error in Cox's lack of physical presence for resentencing, and we see no non-frivolous argument to the contrary. The only issue before the trial court concerned the imposition of a fine. Based on Cox's own affidavit, the trial court found him indigent and waived the fine, as it was required by statute to do (and as it had done at the time of his original 2011 sentencing). We see no evidence to suggest that the outcome would have been different if Cox had been physically present. Although Cox claims he would have dismissed counsel and made various arguments to the trial court, these actions would not have affected the trial court's obligation to waive the fine upon a finding of indigence and, in any event, Cox could have presented his arguments through the video proceeding if he had not refused to participate. His alleged predicament stemmed from his failure to participate at all, not his lack of physical presence. For these reasons, his second assignment of error does not have arguable merit.

---

[1] Neither party tells the Court what the "brief nod" is, but Cox does cite in his Memorandum in Support of Jurisdiction to *Kentucky v. Stincer*, 482 U.S. 730 (1987).

*State v. Cox*, 2020-Ohio-5030. Because the Second District was deciding harmlessness under a state criminal procedure rule rather than under the Constitution, the question of AEDPA deference does not arise, but the Second District's findings of harmlessness are at least of persuasive authority. Failure to have a defendant physically present, even if in violation of his constitutional rights, is subject to harmless error analysis and the Second District's findings are persuasive. In his Traverse, Cox gives no reasons upon which this error, even if constitutional, could be found to be harmful. In particular, imposition of an amended judgment which imposed the mandatory fine would not have entitled Cox to any additional relief. Even under the pre-*Henderson/Harper* law, all he would have been able to argue about was the additional punishment. Ground Two, even if preserved for habeas review, is without merit.

**Ground Three: Denial of Due Process and Equal Protection by Mistake of Law**

In his Third Ground for Relief, Cox alleges he was denied due process of law and equal protection of the laws when the Second District made a mistake of law by holding Ohio Revised Code § 2929.18(B)(1) does not apply to this case.

Respondent asserts this Ground for Relief is also procedurally defaulted by failure to fairly present it to the Ohio courts as a constitutional claim (Return, ECF No. 20, PageID 439-43).

Cox responds by claiming he presented the same claim in substance or under the same legal theory to the state courts (Traverse, ECF No. 29, PageID 502, citing *Wagner v. Smith,* 581 F.3d 410, 417 (6th Cir. 2009)). *Wagner* actually relies on a fairly rigorous fair presentation standard which Wagner did not satisfy as to three of his grounds for relief and which Cox does not satisfy as to Ground Three.

Although Cox claims to have presented Ground Three under the same legal theory and on the same facts in the state courts, he gives no record reference to substantiate this claim. Because Cox claims the deprivation of rights complained of in Ground Three occurred in the Court of Appeals, we look first to his Memorandum in Support of Jurisdiction on appeal to the Supreme Court of Ohio. No claim labeled "due process" or "equal protection" appears in that document (State Court Record, ECF No. 19, Ex. 25). The sole citation to federal case law is to *Kentucky v. Stincer*, 482 U.S. 730 (1987), on the right of a criminal defendant to be present at critical stages of a prosecution.

Arguing the merits of Ground Three, Cox asserts the Court of Appeals "committed a mistake of law and thus a violation of due process. . ." (Traverse, ECF No. 29, PageID 502). He cites no authority for this bold proposition and the Sixth Circuit has held to the contrary. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). Cox procedurally defaulted presentation of Ground Three to the Ohio courts and it should be dismissed on that basis.

**Ground Four: Denial of Right to Allocution**

In his Fourth Ground for Relief, Cox asserts he was denied his right to due process when the Common Pleas Court did not allow him to be present in person to exercise his right to allocution.

Respondent concedes this claim was fairly presented to the state courts and is preserved for merits review in habeas, but contends it is not cognizable because there is no federal

constitutional right to allocution (Return, ECF No. 20, PageID 459, citing *Goff v. Bagley*, No. 1:02-cv-307 (S.D. Ohio Dec. 1, 2006)(citing *Hill v. United States*, 368 U.S. 424, 428 (1962); *Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002); *United States v. Waters*, 158 F.3d 933, 943 (6th Cir. 1998); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997); *United States v. Coffey*, 871 F.2d 39, 40 (6th Cir. 1989)).

Cox does not respond at all to this binding precedent. Instead, he argues it can be unconstitutional ineffective assistance of trial counsel for an attorney to fail to argue a controlling point of state law (Traverse, ECF No. 29, PageID 503, *et seq*.). While that is true as a general proposition, Cox's Ground Four is not an ineffective assistance of trial counsel claim, but a stand-alone denial of allocution claim. Cox's argument essentially amounts to an attempt to amend his Ground Four in his Traverse. A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). This Court should decline to consider the merits of Cox's Ground Four because Respondent has not had an opportunity to respond to it. Furthermore, assuming Cox would have used his allocution to try to execute his strategy of getting his punishment increased, his reason for doing so is moot in light of the *Henderson* and *Harper* decisions.

Ground Four should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petitioner herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should

not be permitted to proceed *in forma pauperis*.

August 1, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge