# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICAH A. COX,

        Petitioner,       :      Case No. 3:22-cv-033

 - vs -                                   District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Madison Correctional Institution,

                                         :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought *pro se* by Petitioner Micah Cox under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 33) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 30) which recommends dismissal of this case with prejudice. District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 34).

**Litigation History**

       The Report recites the history of this litigation and Cox does not object to that portion of the Report. It is summarized here for context.

       Cox was convicted in 2010 in the Court of Common Pleas of Greene County of trafficking

1

in powder and crack cocaine and sentenced to sixteen years imprisonment. After exhausting available state court remedies, he brought his first habeas corpus case in this Court under Case No. 3:13-cv-200. That Petition was dismissed with prejudice and the Sixth Circuit denied a certificate of appealability *Cox v. Warden*, 6th Cir. Case No. 14-3393 (6th Cir. Dec. 9, 2014)(unreported; copy at ECF No. 35 in 3:13-cv-200).

Five years later on June 7, 2019, Cox began this second collateral attack on the conviction by moving the Common Pleas Court to enter a "final appealable order," contending the March 7, 2011, judgment of conviction was void because it did not impose a fine which was mandatory under Ohio law. The trial court agreed the fine was mandatory, appointed counsel, and set a resentencing hearing. At the hearing Cox refused to participate by video, but the trial court waived the mandatory fine based on a prior affidavit of indigence. Cox appealed *pro se* but the Ohio Second District Court of Appeals affirmed. *State v. Cox,* 2020-Ohio-5030 (Ohio App. 2d Dist. Oct. 23, 2020), app. juris. declined, 161 Ohio St.3d 1422, Ohio (2021).

Cox brought this second habeas case February 3, 2022. Because this Court would not have jurisdiction if the case was "second or successive," the undersigned transferred it to the Sixth Circuit for a determination under 28 U.S.C. § 2244(b) of whether it could proceed (ECF No. 13). That court found that the factual predicate of Cox's claims all arose from the resentencing proceeding, making this case non-successive (ECF No. 14). After remand, the Warden filed a Return (ECF No. 20), Cox filed a Traverse (ECF No. 29), the undersigned filed the Report (ECF No. 30), and Cox filed the instant Objections (ECF No. 33).

## Analysis

Cox pleads the following claims:

2

> **Ground One:** Petitioner was denied his Sixth Amendment right to the effective assistance of counsel.
>
> **Supporting Facts:** Counsel failed to object to Petitioner's right to be present at resentencing was violated. Counsel demonstrated divided loyalties failed to confer with Petitioner prior to resentencing.
>
> **Ground Two:** Petitioner was denied his Sixth Amendment right to be physically present for resentencing.
>
> **Supporting Facts**: Petitioner was resentenced in absentia due to his refusal to waive his right to be present.
>
> **Ground Three**: Petitioner was denied due process and equal protection under the law when an appellate court commits a mistake of law.
>
> **Supporting Facts:** Court erroneously determined R.C. 2929.18(B)(1) does not apply to Petitioners case despite explicit language to the contrary.
>
> **Ground Four:** Petitioner was denied due process when he was denied his right of allocution by resentencing him in his absence.
>
> **Supporting Facts**: By denying Petitioner his right to be physically present he has effectively denied him his right to allocution.

(Petition, ECF No. 3).

The Report recommended all four Grounds be dismissed with prejudice. Cox does not object to the disposition of Ground Four, so it will not be discussed further. Objections on the other three Grounds are discussed below.

**Ground One: Ineffective Assistance of Counsel**

In his First Ground for Relief, Cox claims he was denied effective assistance of trial counsel. He pleads two sub-claims: (1) ineffective assistance when his attorney failed to object to his absence from the resentencing hearing and (2) ineffective assistance when his attorney otherwise demonstrated

3

"divided loyalties."

**Sub-claim One**:  Respondent asserts sub-claim one is procedurally defaulted by Cox's failure to raise it as a constitutional issue on direct appeal, an assertion Cox flatly contradicts.  Examining Cox's brief on appeal, the undersigned found his only claimed deficiency in trial counsel's performance was "undermin[ing] Cox's strategy by moving to waive the mandatory fine."  (Report, ECF No. 30, PageID 515, citing Appellant Brief, State Court Record, ECF No. 19, PageID 251, *et seq*.).  Concluding that assignment of error did not fairly present Sub-claim One, the Report concluded it was procedurally defaulted.  *Id.*

Cox objects at length (ECF No. 33, PageID 528-31).  However, his objection confuses procedural default doctrine with failure to exhaust.  It cites both statutory and non-statutory exceptions to the exhaustion doctrine, but the Report did not find Cox had failed to exhaust Sub-claim One.  Rather it concluded he had procedurally defaulted the claim by not fairly presenting it to the Second District.

Both exhaustion and procedural default doctrines protect comity with state courts, but in different ways.  If a habeas petitioner has failed to exhaust a state remedy and that remedy remains available, a federal court can stay the habeas proceeding until the petitioner has returned to state court and exhausted his or her remedies.  *Rhines v. Weber*, 544 U.S. 269 (2005).  On the other hand, if a habeas petitioner has failed to fairly present a claim to the state court and presentation of the claim is barred by an adequate and independent state procedural rule, the claim is procedurally defaulted and cannot be considered on the merits by the habeas court unless the petitioner shows excusing cause and resulting prejudice.  *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

Cox's Sub-claim One is not barred by failure to exhaust because there are no remedies now available to him.  He has offered no cause to excuse his failure to fairly present this claim.

**Sub-claim Two: Ineffective Assistance When His Attorney Otherwise Demonstrated "Divided Loyalties."**

In his second Sub-Claim of ineffective assistance of trial counsel, Cox asserts counsel displayed "divided loyalties" when he waived the mandatory fine. Cox had a strategy by which an increased penalty on re-sentencing would entitle him to a second habeas case raising again claims that had been decided against him in the first case. His strategy is based on his reading of *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016). The Second District decided this claim as follows:

> ¶ 9} Cox also alleges ineffective assistance based on defense counsel interfering with his personal reasons for wanting a fine to be imposed. This argument is unpersuasive for at least two reasons. First, the record does not reflect that defense counsel knew of Cox's personal reasons for wanting a fine to be imposed, and the trial court found that Cox had refused to communicate with his attorney electronically before the resentencing hearing. Under these circumstances, defense counsel did not provide deficient representation by failing to advocate for the imposition of a fine. Second, the trial court was required to waive Cox's fine regardless of his personal wishes. Prior to the resentencing hearing, Cox filed an affidavit of indigence. Where an offender files an affidavit of indigence and the trial court makes a finding of indigence. a trial court "shall not impose the mandatory fine on an offender." R.C. 2929.18(8)(1). Based on Cox's November 26, 2018 affidavit, the trial court made a finding of indigence at the resentencing hearing. Therefore, it was required to waive the fine. Cox's first assignment of error does not have arguable merit.

*State v. Cox, supra*.

This holding is a completely reasonable application of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). It cannot be deficient performance to fail to carry out a client's strategy of which counsel is unaware because of the client's refusal to communicate that strategy, at least where the strategy is as esoteric as this one. In addition there is no prejudice because, as the Second District found, the trial court as required as a matter of Ohio

5

law to waive the fine based on Cox's affidavit of indigency. The Second District's decision on this point is therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

**Ground Two: Denial of Sixth Amendment Right to be Physically Present at Resentencing**

In his Second Ground for Relief, Cox claims he was denied his Sixth Amendment right to be physically present at the resentencing hearing. The Report recommends dismissing this claim as procedurally defaulted because it was not presented as a federal constitutional claim to the Second District. Alternatively, the Report recommends adopting the Second District's harmless error analysis.

Cox objects that he relied on Ohio R. Crim. P. 43 which protects the constitutional right to be present embodied in the Sixth Amendment and he relied on facts within the Sixth Amendment jurisprudence.

Assuming Cox's fair presentation argument has merit, he has made no objection on the harmlessness finding. Constitutional error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). A federal court may grant habeas relief only if a constitutional violation had a substantial and injurious effect or influence in determining the outcome. *Williams v. Bauman*, 759 F.3d 630, 637 (6th Cir.2014). This standard calls for reversal when the reviewing court lacks a "fair assurance" that the outcome was not affected by error. *Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004). Given the Second District's conclusion that the trial court was required to waive the fine, the Court is satisfied the outcome was not affected by Cox's physical absence.

**Ground Three: Denial of Due Process and Equal Protection by Mistake of Law**

In his Third Ground for Relief, Cox alleges he was denied due process of law and equal protection of the laws when the Second District made a mistake of law by holding Ohio Revised Code § 2929.18(B)(1) does not apply to this case.

The Report recommends dismissing this claim as procedurally defaulted, but also notes there is no due process or equal protection obligation for States to follow all state procedural requirements (Report, ECF No. 30, PageID 521).

Cox objects that he fairly presented this claim by making an insufficiency of the evidence claim. He then quotes Justice Frankfurter's expansive definition of due process in his concurring opinion in *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123 (1951). The undersigned yields to no one in his admiration for Justice Frankfurter, but his concurring opinion in McGrath does not state the holding of the case. Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), it is only the holdings of Supreme Court cases, and not their dicta, which state the law for habeas cases; only holdings of the Supreme Court, not dicta in its opinions, can warrant habeas corpus relief. *Bryan v. Bobby*, 843 F.3d 1099 (6th Cir. 2016), citing *White v. Woodall*, 572 U.S. 415 (2014).

> In analyzing whether a state-court decision is contrary to or an unreasonable application of federal law, we look only to clearly established Supreme Court precedent that existed when the state court rendered its decision. Greene v. Fisher, 565 U.S. 34, 38 (2011). A state-court decision is contrary to that precedent if the state court's reasoning or result contradicts that precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). And the state court unreasonably applies clearly established law when it correctly identifies the governing legal rule but applies it unreasonably to the facts. *White v. Woodall,* 572 U.S. 415, 426 (2014). The application must have been "objectively unreasonable" such that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Id*. at 419–420 (quoting *Harrington*, 562 U.S. at 103).

*Coleman v. Bradshaw*, 974 F. 3d 710, 716 (6th Cir. 2020).

Cox has cited no Supreme Court precedent which comes anywhere close to holding that States are bound by the Fourteenth Amendment to follow all of their own procedural rules. Thus he has not shown that the Second District's decision is contrary to or an objectively unreasonable application of Supreme Court precedent.

**Ground Four: Denial of Right to Allocution**

Petitioner makes no objection to the Report on Ground Four.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

8

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge