IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICAH A. COX,

    Petitioner,

    v.

JENNY HILDEBRAND,

Warden, Madison
Correctional Institution,

    Respondent.

:
:
:
:
:
:

Case No. 3:22-cv-33

Judge Walter H. Rice

Magistrate Judge Michael R. Merz

---

ENTRY ADOPTING INITIAL AND SUPPLEMENTAL REPORTS AND RECOMMENDATIONS (DOC. #30, 35), OVERRULING OBJECTIONS THERETO (DOC. #33, 40), AND DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (DOC. #4); JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT WARDEN AND AGAINST PETITIONER MICAH A. COX; PETITIONER IS DENIED A CERTIFICATE OF APPEALABILITY AND SHOULD NOT BE PERMITTED TO PROCEED ON APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

*Pro Se* Petitioner Micah A. Cox has filed a Petition for writ of habeas corpus. (Petition, Doc. #3). Pursuant to 28 U.S.C. § 636(b) and General Order Day No. 22-01, the matter was referred to Magistrate Judge Michael R. Merz for a Report and Recommendations, which the Magistrate Judge filed on August 1, 2023. (Initial Report, Doc. #30). Petitioner filed Objections (Doc. #33), and the undersigned recommitted the matter to the Magistrate Judge (Recommittal Order, Doc. #34), who issued a Supplemental Report and Recommendations (Doc. #35), to which Petitioner again objected. (Supp. Objections, Doc. # 40). For the reasons set forth below, the Court

ADOPTS the Initial and Supplemental Reports, OVERRULES the Objections thereto, and DISMISSES the Petition WITH PREJUDICE.

I. **Procedural History and Legal Standards**

The Initial Report fairly and completely set forth the factual background and procedural history with respect to the Petitioner and Petition. (Doc. #30, PageID 509-11). The Court adopts that portion of the Initial Report and incorporates it by reference herein.

As "a prisoner petition challenging the conditions of confinement[,]" the Petition was referred to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b), under which the Magistrate Judge "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, this Court's review of a claim adjudicated on the merits by a state court is sharply circumscribed. The Court may grant relief only if that state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

2

or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2). Further, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court may be found to have acted "contrary to" federal law by two means: (1) if the state court's decision is "substantially different from the relevant precedent" of the U.S. Supreme Court; or (2) if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams (Terry) v. Taylor*, 529 U.S. 362, 405, 406 (2000). A state court does not act contrary to federal law simply because its application of federal law was incorrect. Rather, the decision must have been "mutually opposed[,]" *id.* at 406, to clearly established federal law, which encompasses only the holdings of Supreme Court decisions, and not their dicta. *Williams (Terry)*, 529 U.S. at 412.

A federal habeas corpus petitioner must exhaust his federal constitutional claims in the state court before he may bring those claims before this Court. 28 U.S.C. § 2254(b)(2). Exhaustion may be shown by demonstrating that: (1) the highest court of a state has adjudicated the merits of the claim; or (2) under state law, the claims are procedurally barred. *Williams (Terry)*, 529 U.S. at 402-03; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). "[T]he doctrine of exhaustion requires that a claim be presented to

3

the state courts under the same theory on which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). However, if a claim is procedurally barred under state law because "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, [then] federal habeas review of the claims is barred" unless the petitioner can demonstrate cause and prejudice or that failure to adjudicate the claim "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## II.  Analysis

### A.  Claim One

Claim One is divided into two subclaims. In the *first* or "failure to object" subclaim, Petitioner asserts that, at resentencing, his appointed counsel was allegedly ineffective by failing to object to Petitioner not being physically present at the resentencing. In the *second* or "divided loyalties" subclaim, Petitioner claims that prior to resentencing, counsel demonstrated "divided loyalties" by failing to confer with Petitioner about his desire to have a fine imposed at resentencing. Petitioner argues that, had counsel conferred and represented to the trial court that Petitioner wanted the fine to be imposed, the proceeding would have been a "*de novo* resentencing hearing" as to the fine, and Petitioner would have been allowed to "to file another federal habeas petition without its being considered successive." (Doc. #30, PAGEID 515 (internal quotation marks omitted), quoting State Court Record, Doc. #19, PAGEID 251; *accord*: Doc. #3, PAGEID 57).

4

The Magistrate Judge concluded that the first subclaim is procedurally defaulted because, on direct appeal, Petitioner merely raised a very general ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984): that "Appellant was denied his sixth amendment right to the effective assistance of counsel at resentencing." (Doc. #30, PAGEID 514, quoting Doc. #19, PAGEID 251). Petitioner did not mention anything about counsel's failure to object, and the state appellate court did not mention any failure to object in its decision. Thus, the Magistrate Judge reasoned, Petitioner did not raise the legal and factual basis of a failure to object claim, and the lack of "fair presentation" of the claim "at every stage of the appellate process" means that it cannot be reviewed by this habeas Court. (*Id*. at PAGEID 514-15, citing *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *State v. Cox*, 2d Dist. Greene No. 2020-CA-14, 2020-Ohio-5030, ¶¶ 7-9 (Oct. 23, 2020)).

The Magistrate Judge further concluded that the divided loyalties subclaim was not properly raised in the state courts. The Magistrate Judge noted that while Petitioner raised the divided loyalties claim, he did so not on direct appeal, but on a collateral Motion for Final Appealable Order. In that latter motion, Petitioner claimed that because his sentence did not include the mandatory fine, the sentence was void under *State ex rel. Roberts v. Marsh*. (Doc. #30 at PAGEID 510, 515-16, citing Doc. #19, PAGEID 251; *Marsh*, 156 Ohio St. 3d 440, 2019-Ohio-1569, ¶ 10 (*per curiam*)). However, as the Magistrate Judge discussed (*id*. at PAGEID 515-16), after the Motion was filed, the Supreme Court of Ohio overruled numerous previous cases and held that "[w]hen a

5

case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment *voidable*," rather than void, "permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St. 3d 480, 2020-Ohio-2913, ¶ 4 (emphasis added). Before the Second District Court of Appeals ruled on the motion, the Supreme Court of Ohio extended *Harper* to instances, such as that of Petitioner, where a mandatory fine was not imposed, holding that such failure to impose renders the judgment voidable. *State v. Henderson*, 161 Ohio St. 3d 285, 2020-Ohio-4784, ¶ 37. The Second District held that:

> [T]he *Harper* jurisprudence realignment applies to the failure to impose a mandatory fine, and that part of Cox's judgment was not void. Because he did not raise the mandatory fine error in his direct appeal, he cannot raise it now.

*Cox*, 2020-Ohio-5030 at ¶ 3 n.1, citing *Harper*, 2020-Ohio-2913 at ¶ 43.

From the above, the Magistrate Judge concluded that the Second District was correct to hold that the divided loyalties subclaim was defaulted. (Doc. #30, PAGEID 516). Alternatively, the Magistrate Judge concluded that, even if the subclaim were not defaulted, Petitioner did not have a viable *Strickland* claim because he "failed to show prejudice because[,] under Ohio law[,] he was not entitled to collaterally attack his sentence for failure to include the mandatory fine." (Id. at 517, citing *Strickland*, 466 U.S. at 687).

6

While not a model of clarity, in his Objections, Petitioner appeared to argue that he raised the failure to object subclaim as his first Proposition of Law to the Supreme Court of Ohio, and that the divided loyalties subclaim was fairly raised as part of his general ineffective assistance of counsel claim. Because, Petitioner argued, the state court had fair opportunity to assess his *Strickland* claim, any failure to fashion the subclaim precisely as a failure to object should be excused. (Initial Obj., Doc. #33, PAGEID 529-31). As to the divided loyalties subclaim, Petitioner argued that the Magistrate Judge's reliance on *Harper* and *Henderson* was improper and amounted to an imposition of *ex post facto* law. (*Id*. at PAGEID 532, citing *Williams (Terry)*, 529 U.S. at 409-10). Specifically, he argued that the holding in *Harper* was only to be applied prospectively, and because his initial judgment predated *Harper* and *Henderson*, his resentencing was void, rather than voidable, and must be vacated. (*Id*. at 532-33, quoting *Harper*, 2020-Ohio-2913 at ¶ 43).

In the Supplemental Report, the Magistrate Judge noted that Petitioner's focus on whether he failed to exhaust *fully* the failure to object subclaim was misplaced, because it was Petitioner's failure to fairly present the subclaim *at all* that rendered it procedurally defaulted. (Supp. Report, Doc. #35, PAGEID 546). As Petitioner had not shown good cause for the default, the Court cannot consider the claim or even hold the Petition in abeyance while Petitioner returns to state court, as it could with a merely unexhausted claim. (*Id*., citing *Rhines v. Weber*, 544 U.S. 269 (2005); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)). As to the divided loyalties subclaim, the Magistrate Judge emphasized that Petitioner was raising a *Strickland* claim, which the Second

7

District had already rejected on the merits, concluding that: (1) nothing in the record suggests that counsel was aware of Petitioner's desire to be fined, meaning there could not have been deficient performance, and (2) the trial court was required to waive the fine regardless, meaning that even if counsel erred by not consulting with Petitioner about wanting the fine imposed, there was no prejudice. (*Id.* at PageID 547-48, quoting *Cox*, 2020-Ohio-5030 at ¶ 9).

In the Supplemental Objections, Petitioner asserted that failure to exhaust is a type of procedural default (which may be excused by a showing of cause and prejudice), and that this the failure to object subclaim comes within the narrow class of cases for which default would be a fundamental miscarriage of justice. (Supp. Obj., Doc. #40, PAGEID 564, quoting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998), *limited on other grounds by Mueller v. Angelone*, 181 F.3d 557 (4th Cir. 1999)). As to the divided loyalties subclaim, Petitioner argued that he did not know that sentencing counsel had even been appointed, much less that said counsel would decline to waive Petitioner's right to be present at sentencing without consulting him. (*Id.* at PAGEID 565-66). Had counsel's primary loyalty been to him and not the State, Petitioner claimed, counsel would have consulted with him as to why he wanted a $7,500 fine imposed at resentencing. (*Id.* at PAGEID 566-67). This failure to consult meant that a new valid judgment was not imposed, and Petitioner unnecessarily had to obtain leave from the United States Court of Appeals for the Sixth Circuit to file the instant Petition. (*Id.* at PAGEID 568; *see also* Transfer Order, Doc. #13; *In re Cox*, Doc. #14, PAGEID 159 (citations omitted) ("Cox's proposed

8

habeas petition is not second or successive[,] because the factual predicate for his proposed claims did not arise until several years after his initial petition was fully adjudicated. Thus, Cox need not obtain our authorization to proceed with the petition.")).

As to the failure to object subclaim, Petitioner's *Strickland* claim in state court was based on counsel not following through with Petitioner's strategy for a fine to be imposed at resentencing (Doc. #19, PAGEID 251-52), and "act[ing] without consulting with appellant regarding his 'pro se' plan of action prior to participating in the resentencing hearing." (*Id*. at PAGEID 252). There was no mention of counsel being deficient by failing to object to his absence at the hearing. Further, as the Magistrate Judge noted, the Second District, in adjudicating Petitioner's ineffective assistance claim on the merits, did not discuss any failure to object to Petitioner not being present at the resentencing hearing. *Cox*, 2020-Ohio-5030 at ¶¶ 7-9. This failure to put the state court on notice of the factual basis of the subclaim means that it is procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

As discussed above, a procedural default may be overcome only by a showing of good cause for failing to present and prejudice from that failure, or that not excusing the default would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In neither this subclaim nor any claim discussed *infra* that is also procedurally defaulted has Petitioner attempted to show, much less shown, good cause as to why he did not fairly present the claim or subclaim in every instance in state court. Petitioner

9

also has failed to show his factual innocence or convince the Court that there was sufficient doubt as to his guilt; thus, Petitioner cannot meet the "fundamental miscarriage" standard. See *Schlup*, 513 U.S. at 317, 321 ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,'. . . this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."). Consequently, this Court may not consider the failure to object subclaim.

The divided loyalties subclaim, arising under *Strickland*, requires that a claimant demonstrate prejudice from any ineffective assistance, and Petitioner cannot do so. Even assuming that the state trial court's decision *not* to fine Petitioner several thousand dollars was improper, the Sixth Circuit allowed the Petition to proceed as first-in-time, rather than second-or-successive.[1] Any procedural error by this Court in treating the Petition as second-or-sucessive and transferring it to the Sixth Circuit is definitionally outside the scope of habeas corpus, which deals solely with state court judgments. 28 U.S.C. § 2254(d). Petitioner has not identified any other way in which he may have been prejudiced. Thus, even assuming that the divided loyalties subclaim was not procedurally defaulted, Petitioner cannot satisfy *Strickland*, and the subclaim must be dismissed.

---

[1] The only prejudice Petitioner theoretically suffered was having his Petition erroneously transferred from this Court, and the roughly five months delay in beginning merits adjudication. Petitioner cites no caselaw suggesting that this qualifies as prejudice under *Strickland*; nor could it, as the theoretical prejudice occurred from an act or omission by the *Court*, rather than *counsel*.

### B. Claim Two

In his second claim, Petitioner asserts that he "was denied his Sixth Amendment right to be physically present for resentencing"; specifically, he "was resentenced in absentia due to his refusal to waive his right to be present." (Doc. #3, PAGEID #59). Petitioner raised this claim on direct appeal solely as a violation of Ohio Criminal Rule 43(A) and section 10, Article 1 of the Ohio Constitution. (Doc. #19, PAGEID 253). The Second District acknowledged that the trial court violated Rule 43(A) by resentencing him *in absentia* without an express waiver by Petitioner or his counsel. *Cox*, 2020-Ohio-5030, ¶ 12. However, the Second District concluded that there was "no evidence to suggest that the outcome would have been different if Cox had been physically present[,]" because "[b]ased on Cox's own affidavit, the trial court found him indigent and waived the fine, as it was required by statute to do[.]" *Id*. at ¶ 13. Thus, even if Petitioner had fired counsel and, acting *pro se*, had asked the trial court to impose a fine, as he claimed he wanted to do, the trial court could not have done so. As Petitioner was not prejudiced, the Second District concluded that the trial court's violation of Rule 43(A) was harmless and overruled the assignment. *Id*. The Second District did not address any federal constitutional issue.

In the Initial Report, the Magistrate Judge concluded that the failure to present the claim as a federal constitutional issue to the Second District meant the claim is procedurally defaulted. (Doc. #30, PAGEID 519). The Magistrate Judge is correct. It is well-settled Sixth Circuit law that "[f]or a claim to be reviewable at the federal level, each claim must be fairly presented *at every stage of the state appellate process*." *Wagner v.*

*Smith*, 581 F.3d 410, 418 (6th Cir. 2009) (emphasis added). Even if Petitioner is correct that he obliquely asserted a Sixth Amendment claim to the Supreme Court of Ohio (Traverse, Doc. #29, PAGEID 498-99), the failure to present the claim to the state's Second District renders it forever defaulted.

In the Objections, Petitioner claimed that his complaint that he was not present at sentencing was sufficient to invoke his Sixth and Fourteenth Amendment rights to a fair trial. (Doc. #33, PAGEID 537-38, citing *Verdin v. O'Leary*, 972 F.2d 1467, 1478, 1481 (6th Cir. 1992)). He asserted that his state appellate argument was that Criminal Rule 43(A) was the embodiment of the federal constitutional guarantee of "the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings." (*Id.* at PAGEID 537, citing *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). Again, Petitioner raised this argument in his memorandum in support of jurisdiction to the Supreme Court of Ohio; he never made a federal constitutional argument to the state's Second District. That initial omission means that the claim is barred from federal habeas review, no matter how many times he raised it subsequently. Consequently, the claim must be dismissed.

### C. Claim Three

Petitioner claimed that he "was denied due process and equal protection under the law when an appellate court commit[ted] a mistake of law." Specifically, he alleged that the Second District "erroneously determined R.C. 2929.18(B)(1) does not apply to Petitioner's case despite explicit language to the contrary." (Doc. #3, PAGEID #60). The Magistrate Judge concluded that this claim, like Claim Two, was procedurally

defaulted because Petitioner did not raise that constitutional claim to the Supreme Court of Ohio. (Doc. #30, PAGEID 520-21). Further, even if the state's Second District violated Ohio Revised Code § 2929.18(B)(1) by failing to vacate his sentence for the trial court's failure to impose a fine, that violation does not, by itself, create a cognizable habeas claim. (*Id.* at PAGEID 521, citing *Levine v. Torvik*, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995)).

Petitioner argued that "he has exhausted this Due Process claim by presenting it as a 'sufficiency of evidence' claim." (Doc. #33, PAGEID 539, citing *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231-33 (3d Cir. 1992); *West v. Wright*, 931 F.2d 262, 266 (4th Cir. 1991), *rev'd on other grounds*, 505 U.S. 277 (1992)). However, the "insufficient affidavit" alleged by Petitioner with respect to his ability to pay a fine, *Cox*, 2020-Ohio-5030, ¶ 14, has to do with state criminal procedure, and is distinct from the "sufficiency of the evidence" necessary to sustain a conviction, and which implicates federal due process. *See, e.g.*, *Evans*, 959 F.2d at 1231. As there was no presentation of a due process or equal protection claim anywhere in the state court, Petitioner may not raise it here. Thus, Claim Three is dismissed as procedurally defaulted.

### D. Claim Four

Finally, Petitioner claimed that he "was denied due process when he was denied his right of allocution by" the trial judge "resentencing him in his absence." (Doc. #3, PAGEID 62). The Magistrate Judge correctly noted that there is no constitutional right to allocution. (Doc. #30, PAGEID 521-22, citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). The Magistrate Judge also properly rejected Petitioner's attempt, in his

Traverse, to refashion the claim as arising under *Strickland*, based on Petitioner's counsel failing to object at sentencing to Petitioner losing his purported right to allocute. (*Id*. at 522, citing *Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011); *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); Traverse, Doc. #29, PAGEID 503-07). Petitioner did not object to the Magistrate Judge's conclusions. Nor could he reasonably do so, as it is well-established that: (a) denial of allocution does not implicate due process; (b) a district court is well within its discretion not to consider an argument raised for the first time in a Traverse. Accordingly, Claim Four is dismissed.

### III. Conclusion

In light of the above, the Court ADOPTS the Initial (Doc. #30) and Supplemental (Doc. #35) Report and Recommendations and OVERRULES Petitioner's Objections thereto (Docs. #33, 40). The Petition (Doc. #3) is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of the Respondent Warden and against Petitioner. Because Petitioner has not "made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), and the result reached herein would not be debatable among reasonable jurists, the Court does not grant him a certificate of appealability. The Court further certifies that any appeal to the Sixth Circuit would not be taken in good faith, and Petitioner should not be permitted to proceed on appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

January 29, 2024

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT